UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL BONANO,

                              Plaintiff,

          v.                                                          9:19-CV-0671
                                                                              (GTS/CFH)

SGT. VINCENT A. COSTELLO, et. al.,

                              Defendants.
_____

APPEARANCES:

MICHAEL BONANO
11-R-1271
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

GLENN T. SUDDABY
Chief United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

On December 20, 2018, pro se plaintiff Michael Bonano ("Plaintiff") commenced this action in the United States District Court for the Western District of New York ("Western District") pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Collins Correctional Facility ("Collins C.F."), Five Points Correctional Facility ("Five Points C.F."), and Auburn Correctional Facility ("Auburn C.F."). Dkt. No. 1 ("Compl."). At the time he filed the Complaint, Plaintiff was incarcerated at Collins

C.F. and filed a request to proceed in forma pauperis ("IFP").  Dkt. No. 2 ("IFP Application").

On May 1, 2019, Chief United States District Judge Frank P. Geraci, Jr. granted Plaintiff's IFP Application and reviewed the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.  Dkt. No. 9 (the "May Order").  Judge Geraci dismissed Plaintiff's claims that related to his confinement at Collins C.F. and Five Points C.F., with leave to amend.[1] *Id.* at 16-17.  With respect to the claims related to Plaintiff's confinement at Auburn C.F., the Court reasoned that the claims were "separate and distinct from the claims arising out of alleged wrongdoing that arose while Plaintiff was confined at Collins and Five Points and will require different witnesses and documentary proof."  *Id*. at 16.  Pursuant to Federal Rule of Civil Procedure 21, Judge Geraci severed and transferred Plaintiff's claims against the Auburn defendants to the Northern District of New York and took "no position" on the sufficiency of the claims.  *Id*.

Before addressing the sufficiency of the claims, this Court is compelled to address Plaintiff's IFP status.

## II.    DISCUSSION

"Congress adopted the Prison Litigation Reform Act with the principal purpose of deterring frivolous prisoner lawsuits and appeals."  *Tafari v. Hues*, 473 F.3d 440, 443–44 (2d Cir. 2007) (citation omitted).  Where a plaintiff seeks leave to proceed in forma pauperis*,* the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the $400.00 filing fee.  The Court must also determine whether the three strikes provision of 28 U.S.C. § 1915(g) bars the plaintiff from proceeding

---

[1] As of the date of this Decision and Order, Plaintiff has not filed an amended pleading in the Western District action.

2

in forma pauperis and without prepayment of the filing fee. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"The 'three-strikes' provision in the PLRA was designed to 'forc[e prisoners] to go through the same thought process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs?' " *Tafari*, 473 F.3d at 443–44 (citation omitted). In forma pauperis status is a privilege, not a right. *See Anderson v. Coughlin,* 700 F.2d 37, 42 (2d Cir. 1983)). The District Court is vested with the discretion to revoke that privilege "when the goals of § 1915 are not being furthered." *See Anderson v. Hobbs*, No. 12-CV-6117, 2014 WL 4425802, at *5 (W.D. Ark. Sept. 9, 2014); *see also Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) ("Leave to proceed without prepayment of fees and costs is a privilege, not a right [. . .] [c]ourts have the discretion to revoke that privilege when it no longer serves its goals.") (citing *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991) and *Murphy v. Jones*, 801 F.Supp. 283, 288–89 (E.D.Mo. 1992)). The District Court may revoke a plaintiff's IFP status on motion, or sua sponte. *See Jackson v. Auburn Corr. Facility*, No. 9:07-CV-0651 (TJM/DEP), 2009 WL 1663986, at *1 (N.D.N.Y. June 15, 2009). Courts have revoked IFP status when, "early in the proceedings in a case, the record shows undisputed facts casting doubt on whether plaintiff was in imminent danger of serious physical harm at the time he filed the complaint." *See Anderson,* 2014 WL 4425802, at *5 (revoking IFP status upon

3

further review of pleadings and exhibits, subsequent to the initial screening when, "it has become [ ] clear, that Plaintiff has never, in fact, been in 'imminent danger of serious physical injury.' "); *see also Ammons v. Hannula*, No. 08-CV-608, 2009 WL 799670, at *3-4 (W.D. Wis. March 24, 2009) (directing the plaintiff to "show cause" supporting his claim that he was in imminent danger of serious physical injury); *see Abreu v. Travers*, No. 9:15-CV-0540 (MAD/ATB), 2015 WL 10741194, at *7 (N.D.N.Y. Sept. 14, 2015) (revoking Plaintiff's IFP status because the "in forma pauperis application was improvidently granted").

### A. Determination of Three Strikes

Plaintiff is as a prolific litigator with a history that includes the filing of thirteen civil rights actions in the district courts in this Circuit since 2003.[2] Additionally, Plaintiff has filed seven appeals in the United States Court of Appeals for the Second Circuit.[3] Plaintiff has filed prior actions, in this Court and others, under the names Michael Bonano, Anthony Cusamano, and Anthony Armatullo.[4] *See Cusamano v. Sobek*, 604 F.Supp.2d 416, 509 (N.D.N.Y. 2009) (advising the Court that while he signed the complaint as "Anthony Cusamano," his "true name" is "Michael Bonano"); *see also Bonano v. Staniszewski*, No. 12-CV-5879, 2013 WL 4647526, at *1 (E.D.N.Y. Aug. 29, 2013) (collecting cases). Generally, the pleadings are handwritten, involve multiple defendants, and include claims related to different DOCCS' facilities. For example, the Complaint in this action was handwritten, ninety-one pages in length, and includes forty-five defendants. *See generally,*

---

[2] *See* U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl> (last visited June 29, 2019).

[3] *See* Footnote 3, *supra*.

[4] *See* Footnote 3, *supra.*

Compl.

Upon review of Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, this Court has determined that prior to the date that Plaintiff brought this action, on December 20, 2018[5], Plaintiff had acquired at least three strikes for purposes of 28 U.S.C. § 1915(g) because at least three of Plaintiff's previous civil actions and appeals were dismissed as frivolous and/or for failure to state a claim upon which relief could be granted. *See Bonano v. Alonso, et. al.*, No. 1:12-CV-3646, Order of Dismissal (S.D.N.Y. filed June 8, 2012) (sua sponte dismissing Plaintiff's civil rights action for failure to state claim pursuant to 28 U.S.C. § 1915[e] [2]), No. 12-3412-pr (2d Cir. filed April 17, 2013) (dismissing appeal as lacking an arguable basis in law or fact); *Cusamano v. Bullock, et. al.*, No. 1:08-CV-2737, Memorandum and Order (E.D.N.Y. filed Aug. 28, 2008) (dismissing Plaintiff's civil rights action for failure to state a claim pursuant to 28 U.S.C. § 1915[A] and 28 U.S.C. § 1915[e][2][B] ); *Cusamano v. Carlsen, et. al.*, No. 9:08-CV-0422, Decision and Order (N.D.N.Y. filed April 24, 2008) (dismissing Plaintiff's civil rights action for failure to state a claim pursuant to 28 U.S.C. § 1915[e][2][B] ); *Armatullo v. Vasquez*, 03–CV–8189, Order of Dismissal (S.D.N.Y. filed Oct. 16, 2003) (sua sponte dismissing prisoner civil rights action for failure to state claim pursuant to 28 U.S.C. § 1915[e] [2] ).

Thus, unless it appears that the imminent danger exception to the three strikes rule is applicable in this action, Plaintiff should be precluded from proceeding with this action in

---

[5] A court performing a "three strikes" analysis must determine the date on which the plaintiff "brought" the action for purposes of 28 U.S.C. § 1915(g). Under the "prison mailbox rule," the date of filing is deemed to be the date that the prisoner-plaintiff delivered his complaint to a prison guard for mailing to the court, which is presumed to be the date that the complaint was signed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001).

5

forma pauperis.

## B.     Applicability of the Imminent Danger Exception

"[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint—in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citation omitted); *see also Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (stating that imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged). Section 1915(g) allows a three-strikes litigation to proceed in forma pauperis only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges. *Pettus*, 554 F.3d at 296. In deciding whether such a nexus exists, the Second Circuit has instructed the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298-99. Generally speaking, the allegations relevant to the "imminent danger" inquiry "are those in which [the plaintiff] describes physical injury, threats of violence, and deprivation of medical treatment." *Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010). Under this exception, an inmate who has had three prior strikes must show that he was under imminent danger at the time of filing in order to proceed in forma pauperis, but the exception does not provide a basis to avoid application of the three strikes on the basis of past harm. *Malik*, 293 F.3d at 562–63.

The term "serious physical injury" in section 1915(g) is not defined. The Second

Circuit has described the nature of the Court's inquiry regarding imminent danger as follows: "although the feared physical injury must be serious, we should not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question, while [s]eparate PLRA provisions are directed at screening out meritless suits early on." *Chavis*, 618 F.3d at 169-70 (*quoting Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)) (internal quotation marks omitted). "[T]hough [a court] is obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Id.* Thus, "[a] court may find that a complaint does not satisfy the 'imminent danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.' " *Id.* (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)).

Because the claims related to Auburn C.F. have been severed and transferred, the Court will assess the issue of imminent danger "only for the [ ] claims that will remain in this District." *Bernier v. Koenigsmann*, No. 15-CV-209A, 2017 WL 603217, at *3 (W.D.N.Y. Feb. 15, 2017) (citing *inter alia, Guillory v. Boll*, No. 9:12-CV-1771 (FJS/DEP), 2014 WL 4715872, at *3 (N.D.N.Y. Sept. 22, 2014) (assessing IFP status for the portions of a complaint that remained after transfer)). Plaintiff was confined to Auburn C.F. from October 1, 2018 until October 30, 2018. *See* Compl. at 30-36. Although Plaintiff claims that he was the victim of excessive force during his confinement at Auburn C.F., the allegations do not plausibly suggest that Plaintiff faced imminent danger of serious physical injury from the Auburn C.F. defendants at the time he commenced this action. Any danger posed by Defendants' conduct in October 2018 had clearly dissipated by the time Plaintiff signed his Complaint on December 20, 2018. *See Pettus*, 554 F.3d at 296. This is especially true here, because

7

Plaintiff was no longer confined at Auburn C.F. (where the alleged wrongdoing occurred) when he filed his lawsuit. *See, e.g., Malik*, 293 F.3d at 560, 562-63 (district court properly denied IFP status because plaintiff had three "strikes" and did not fall within the "imminent danger" exception; when plaintiff filed his complaint he was no longer confined at the facility where his claims arose); *Palmer v. New York State Dep't of Corr*., 342 Fed. App'x 654, 656 (2d Cir. 2009) (summary order) (same); *Abreu v. Travers*, No. 9:15-CV-0540 (MAD/ATB), 2015 WL 10741194, at *7 (N.D.N.Y. Sept. 14, 2015) (alleged wrongdoing that occurred at Upstate C.F. would not qualify as "imminent danger" when plaintiff was confined at a different facility when he first asserted those claims); *Gamble v. Maynard*, No. 9:06-CV-1543 (DNH/DEP), 2008 WL 150364, at *1, 5 (N.D.N.Y. Jan. 14, 2008) (revoking plaintiff's IFP status because plaintiff had three "strikes" and did not fall within the "imminent danger" exception; plaintiff was no longer confined at the facility where his claims arose when action was commenced).

Even if the Court expands the review of the Complaint and considers the relevant claims for the determination of "imminent danger" to be those surrounding the date of the Complaint, *see Chavis*, 618 F.3d at 171, the conclusion would be the same. On October 30, 2018, Plaintiff arrived at Collins C.F., from Auburn C.F., and was incarcerated at the facility when he signed the Complaint on December 20, 2018. *See* Compl. at 9, 36-37. The claims that arose during that time period relate to false misbehavior reports, due process during disciplinary proceedings, and First Amendment access-to-court claims related to the law library. *See* Dkt. No. 9 at 6-7. The Complaint lacks any allegations related to physical harm or injury, let alone imminent danger of serious physical injury. The imminent danger exception provided by Section 1915(g), is available "[w]hen a threat or prison condition is real

8

and proximate, and when the potential consequence is 'serious physical injury.' " *Flemming v. Kemp*, No. 09-CV-1185 (TJM/DRH), 2010 WL 3724031, at *2 (N.D.N.Y. Aug. 19, 2010) (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.")). Thus, even construing the Complaint with the leniency that must be afforded a pro se litigant, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), the Court finds that Plaintiff's allegations of wrongdoing in the Complaint, even if true, do not demonstrate that Plaintiff faced an "imminent danger of serious physical injury" from Defendants when this action was filed.

### C. Revocation of IFP Status

Plaintiff did not disclose his aliases in the Complaint. The vexatiousness of Plaintiff's litigation practices undermines the intent, purpose, and goals of the PLRA. Due to Plaintiff's history of frivolous suits and appeals, coupled with his failure to adequately assert imminent danger claims with a nexus to viable claims, the Court finds that Plaintiff's IFP status was prematurely and improvidently granted and, thus, is revoked for the claims that remain in this District. *See Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) (revoking IFP status when the " 'number, content, frequency, and disposition' of [the plaintiff's] filings shows an especially abusive pattern, aimed at taking advantage of the IFP privilege."); *see also Fredrick v. Wilkes*, No. CV416-310, 2017 WL 1352227, at *3 (S.D. Ga. Apr. 10, 2017), *report and recommendation adopted*, 2017 WL 2222445 (S.D. Ga. May 19, 2017) ("Numerous courts have interpreted § 1915(g) as empowering them to revoke a prisoner's previously granted IFP status when it later became evident that the original IFP grant was improper.") (collecting cases).

9

Consequently, for the reasons set forth herein, if Plaintiff wishes to proceed with his claims related to his confinement at Auburn C.F. he must, within thirty (30) days of the filing date of this Decision and Order, pay the statutory filing fee of four hundred dollars ($400.00) in full.  Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action, without prejudice, without further Order of this Court.

### III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's IFP status is **REVOKED** pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three "strikes" and is not entitled to the "imminent danger" exception; and it is further

**ORDERED** that this action shall be **DISMISSED** unless, within **thirty (30) days** of the date of this Decision and Order, Plaintiff pays the Court's filing fee of four hundred dollars ($400.00) in full; and it is further

**ORDERED** that, upon Plaintiff's timely payment of the full filing fee, the Clerk shall return the file to this Court for review of the Complaint in accordance with 28 U.S.C. § 1915A; and it is further

**ORDERED** that if Plaintiff fails to pay the filing fee in full within thirty days of the date of this Decision and Order, the Clerk is directed to enter judgment, without further order of this Court, indicating that this action is **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on Plaintiff.
**IT IS SO ORDERED.**

Dated: July 15, 2019
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge